IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **LIFESTYLES UNLIMITED, INC.,** § § § *Plaintiff,* § § v. § § **TEXAS LIFESTYLE REALTY GROUP** § **LLC, a Texas limited liability company,** § § *Defendant.* § § | Civil Action No.: |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff Lifestyles Unlimited, Inc. ("LUI"), in its Original Complaint against Defendant Texas Lifestyle Realty Group LLC ("TLRG" or "Defendant"), hereby alleges as follows:

### PARTIES

1. LUI is a Texas corporation with its principal place of business located in Harris County, Texas.

2. Upon information and belief, TLRG is a Texas limited liability company with its principal place of business in Cooke County, Texas, 6360 FM 902, Lake Kiowa, TX 76240.

### JURISDICTION AND VENUE

3. This action for trademark infringement and related causes of action arises under 15 U.S.C. §1114, 15 U.S.C. § 1125, and the common law of the State of Texas.

4. This Court has original jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1338 for claims arising under the Lanham Act, and supplemental jurisdiction under 28 U.S.C. §1367 for the related state-law claims.

5. This Court has personal jurisdiction over TLRG because TLRG has its principal place of business in Cooke County, Texas and has committed acts of trademark infringement in the Eastern District of Texas and elsewhere in the United States.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1), (2), and (c)(1) because Defendant resides in the Eastern District of Texas and a substantial part of the events giving rise to the claims occurred in this judicial district.

**FACTS**

7. Founded in 1990, LUI is the premier education and mentoring group for real estate investors.

8. For decades, LUI has taught its program to both beginning and advanced investors, including many members who have never owned real estate.

9. LUI guides its members step-by-step through property locating, evaluating, negotiating, financing, closing, rehabbing, leasing, and managing.

10. LUI has changed peoples' lives through these efforts and by virtue of its valuable intellectual property.

11. For decades, LUI, including through its licensees, has offered real estate agency, brokerage, and listing services in Texas and elsewhere.

12. LUI has provided its services, including real estate education and real estate agency services, in connection with various common law trademarks, such as LIFESTYLES UNLIMITED and LIFESTYLES REALTY, and LUI has developed strong common law rights in its trademarks in connection with LUI's services.

13. In addition to extensive common law rights in the LIFESTYLES REALTY trademark, LUI owns the valid and enforceable trademark registration for LIFESTYLES REALTY®, as represented by United States Registration No. 6,232,754 (registration certificate attached as Ex. A) (all common law and federal rights are referred to collectively as the "LR Mark").

14. The LIFESTYLES REALTY® trademark was registered with the United States Patent and Trademark Office on December 29, 2020

15. Since at least as early as January of 1993, LUI has been using the LR Mark in commerce.

16. LUI used the LR Mark before any use thereof by the Defendant.

17. In addition to the extensive common law rights in its LIFESTYLES UNLIMITED trademark, LUI owns the valid and enforceable trademark registrations for LIFESTYLES UNLIMITED®, as represented by United States Registration Nos. 4,485,131 and 4,497,370 (registration certificates attached as Ex. B and Ex. C, respectively) (all common law and federal rights are referred to collectively as the "LU Mark") (the LR Mark and LU Mark are referred to collectively as the "Lifestyles Marks").

18. The LIFESTYLES UNLIMITED® trademark was registered with the United States Patent and Trademark Office on February 18, 2014 (Registration No. 4,485,131) and March 18, 2014 (Registration No. 4,497,370).

19. Since at least as early as September 1990, LUI has been using the LIFESTYLES UNLIMITED trademark in commerce.

20. LUI used the LU Mark before any use thereof by the Defendant.

21. LUI has strong trademark rights in the Lifestyles Marks.

22. The Defendant did not at any time have a license to use the Lifestyles Marks.

23. At no time were the Lifestyles Marks assigned to the Defendant.

24. The Defendant registered a domain name and operates a website at <www.texaslifestylerealtygroup.com> (the "Website").

25. The Website displays the name "TEXAS LIFESTYLE REALTY GROUP" (the "Infringing Name") together with the following logo:



26. The Website advertises realty services including the "handl[ing of] your purchase or sale from A-Z offering personalized real estate advice and consultations."

27. The Website additionally offers realty services including assistance with residential purchases, residential sales, broker's price options, and farm and ranch services.

28. The Defendant's services are advertised on Defendant's Facebook page at <www.facebook.com/Texas-Lifestyle-Realty-Group-298057904352842> (the "Facebook Page").

29. The Defendant's services are advertised on Defendant's Instagram page at <www.instagram.com/txlifestylerealty> (the "Instagram Page").

30. The Facebook Page and the Instagram page display the Infringing Name and display the logo shown above in Paragraph 25.

31. LUI first notified the Defendant of its infringement of the Lifestyles Marks in April of 2021, but the Defendant continued to use the Infringing Name without authorization.

32. When the Defendant failed to cease using the Infringing Name, LUI further notified the Defendant of its infringement of the Lifestyles Marks on May 12, 2021, but the Defendant continues to use the Infringing Name without authorization, willfully and intentionally infringing the Lifestyles Marks.

## COUNT I
**(Trademark Infringement Under 15 U.S.C. § 1114 & Texas Common Law)**

33. LUI hereby realleges and incorporates by reference the preceding paragraphs of this Original Complaint as though set forth fully herein.

34. Defendant has used the Lifestyles Marks—or a designation confusingly similar thereto—in commerce, without permission from LUI, in connection with the sale, offering for sale, advertisement, and/or promotion of real estate services, including real estate agency services, real estate brokerage services, listing services, and real estate multiple listing services.

35. Defendant has used the Infringing Name on various social media platforms, including on its Facebook Page and Instagram Page, to advertise and/or promote its real estate services.

36. Defendant's use of the Infringing Name is likely to cause confusion or mistake, and/or to deceive consumers.

37. The activities alleged herein constitute willful and intentional infringement of the Lifestyles Marks, at least after Defendant was first notified of its infringement in April of 2021.

38. Defendant has infringed the Lifestyles Marks with the intent to trade upon LUI's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendant's services are associated with, sponsored by, originated from, or are approved by LUI, when they are not.

39. Upon information and belief, Defendant knew of LUI's use of the "LIFESTYLES REALTY" and "LIFESTYLES UNLIMITED" marks at least as early as when Defendant was researching a name for its business.

40. Upon information and belief, Defendant had actual knowledge of LUI's ownership and prior use of the Lifestyles Marks before Defendants began infringing the Lifestyles Marks, and Defendant has willfully violated 15 U.S.C. § 1114.

41. Defendant, by its own actions, has damaged LUI in an amount to be determined at trial.

42. Defendant has irreparably injured LUI by its actions. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of LUI's rights, for which LUI has no adequate remedy at law.

### COUNT II
### (Trademark Infringement Under 15 U.S.C. § 1125 and Texas Common Law)

43. LUI hereby realleges and incorporates by reference the preceding paragraphs of this Original Complaint as though fully set forth herein.

44. Defendant has infringed the Lifestyles Marks and created a false designation of origin, by using in commerce, without LUI's permission, the Infringing Name in connection with the advertisement, offering for sale, and/or sale of its real estate services, including real estate

agency services, real estate brokerage services, listing services, and real estate multiple listing services.

45. Defendant's actions are likely to cause confusion and mistake, and/or to deceive as to the affiliation, connection, or association of LUI with Defendant, and/or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities, in violation of 15 U.S.C. § 1125(a).

46. Upon information and belief, Defendant did so with the intent to trade upon LUI's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendant's goods and services are associated with, sponsored by, or approved by LUI, when they are not.

47. Upon information and belief, Defendant had actual knowledge of LUI's ownership and prior use of the Lifestyles Marks, and without consent of LUI, willfully violated 15 U.S.C. §1125(a).

48. Defendant, by its actions, has damaged LUI in an amount to be determined at trial.

49. Defendant, by its actions, has irreparably injured LUI. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of LUI's rights, for which LUI has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, LUI prays for the following relief:

A. For judgment in favor of LUI and against Defendant on all claims set forth above;

B. That Defendant, its agents, servants, employees, independent contractors, attorneys, successors, franchisees, licenses, and assigns, and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

      i.      using the Lifestyles Marks in connection with Defendant's goods and services, using the Lifestyles Marks in advertising or promoting Defendant's goods and services, and/or using confusingly similar variations of the Lifestyles Marks in any manner that is likely to create the impression that Defendant's goods or services originate from LUI, are endorsed by LUI, or are connected in any way with LUI;

      ii.      displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any goods or services bearing the Lifestyles Marks and/or any confusingly similar marks;

      iii.      filing any applications for registration of any trademarks confusingly similar to the Lifestyles Marks;

      iv.      otherwise infringing the Lifestyles Marks;

      v.      falsely designating the origin of Defendant's goods;

      vi.      falsely suggesting that LUI sponsors, endorses, or approves of Defendant's goods or services, or falsely suggesting that LUI is affiliated with the Defendant;

      vii.      unfairly competing with LUI in any manner whatsoever; and

      viii.      causing a likelihood of confusion or injury to LUI's business reputation;

C.      That Defendant be directed to file with this Court and serve on LUI within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction pursuant to 15 U.S.C. § 1116;

D.      That Defendant be required to account to LUI for any and all profits derived by Defendant and all damages sustained by LUI by virtue of Defendant's acts complained of herein;

E.      That Defendant be ordered to pay to LUI all damages which LUI has sustained as a consequence of the acts complained of herein, subject to proof at trial, together with prejudgment

and post-judgment interests;

F.   That this case be deemed exceptional and the amount of the damages be trebled and that the amount of profits be increased by as many times as the Court deems appropriate, pursuant to 15 U.S.C. § 1117;

G.   That LUI be awarded exemplary damages from Defendant;

H.   That Defendant's actions be deemed willful;

I.   That an award of reasonable costs, expenses, and attorneys' fees be awarded to LUI pursuant to 15 U.S.C. §1117 and to the extent recoverable under any other applicable contract or statute;

J.   That LUI be awarded restitution and disgorgement; and

K.   That LUI be awarded such other and further relief as this Court may deem just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, LUI hereby demands a jury trial on all issues in this litigation that are triable to a jury.

Dated: August 3, 2021

Respectfully submitted,

By: */s/ David G. Barker*
David G. Barker (AZ Bar No. 024657) (*Lead Attorney*)
Daniel M. Staren (AZ Bar No. 035425)
SNELL & WILMER, LLP
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004
Telephone: 602.382.6000
Facsimile: 602.382.6070
Email: dbarker@swlaw.com
       dstaren@swlaw.com